UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL A. PAYNE, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 20-cv-2293 |
| | ) |
| ANTONIO BROWN, | ) |
| Sheriff, Macon County | ) |
| | ) |
| Respondent. | ) |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Now before the Court is Petitioner Michael A. Payne's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). Payne is a state pre-trial detainee being held at the Macon County Jail in Decatur, Illinois. He claims his constitutional rights to a speedy trial are being violated and that his bond should not have been forfeited. For the reasons below, the Court concludes that the Petition does not survive preliminary review under 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts and the Petition is SUMMARILY DISMISSED.

## I. BACKGROUND

Payne is detained and awaiting trial for criminal charges brought in Macon County, Illinois. He has also been released on bond pursuant to criminal charges brought in Montgomery County. Payne filed the instant Petition (Doc. 1) on October 16, 2020. Payne argues that his Fifth, Sixth, and Fourteenth Amendment Rights under the United States Constitution are being violated. He specifically mentions his speedy trial rights, complains that warrants for his arrest should not have been issued, and that his bond should not have been forfeited.

The Court takes judicial notice of the dockets in Payne's multiple state court proceedings. See Ennenga v. Starns, 677 F.3d 766, 774 (7th Cir. 2012). On March 2, 2020, Payne was charged by Information with two counts of failing to register as a sex offender in Macon County Circuit Court, Case No. 2020-CF-302. Also in Macon County Circuit Court, on March 4, 2020 in Case No. 2020-CM-142, an Information charged Payne with criminal trespass to a vehicle. In both cases were continued on Motion of the defendant in the beginning of May 2020. Payne was released on bond on or about May 12, 2020. The dockets then show that Payne failed to

appear for hearings in both cases on June 2, 2020. A notice of hearing in Case No. 2020-CF-302 was mailed to his last known address, but Payne again failed to appear for hearings in both cases on June 19, 2020. At this time, his bond was revoked in Case No. 2020-CF-302 and the court granted the state's motion for a no-bond bench warrant. The warrant was not prepared and signed, however, until August 20, 2020.

In Case No. 2020-CM-142, the case was continued to August 3, 2020. Payne again did not appear, and the case was continued on motion of the defendant until August 25, 2020 and notice was mailed to Payne. Payne did not appear at his August 25, 2020 hearing. On September 15, 2020, a bench warrant was issued with a bond set at $5,000.

Payne also has a pending charge for failure to register as a sex offender in Macon County Circuit Court, Case No. 2020-CF-1059, opened on August 25, 2020.

Meanwhile, Payne was arrested and charged with possession of less than 5 grams of methamphetamine in Montgomery County Circuit Court, Case No. 2020-CF-214, on or about July 27, 2020. Payne was released on bond in this case on September 29, 2020,

but the docket notes that he was to be released to Macon County pursuant to the bench warrants.

Payne states that he was picked up by Macon County officials on October 2, 2020. Since then, Payne has been in custody on the Macon County charges and detained at the Macon County Jail in Decatur, Illinois. A disposition hearing has been set in his original case, 2020-CF-302, for October 29, 2020.

## II.   DISCUSSION

Payne argues that he is entitled to federal habeas corpus relief because his Fifth, Sixth, and Fourteenth Amendment Rights are being violated by delays in his state court criminal proceedings. However, generally, as long as the state court provides an opportunity to raise federal claims, federal courts must abstain from interfering in state court proceedings unless "exceptional circumstances" exist. Younger v. Harris, 401 U.S. 37, 43, 91 S. Ct. 746 (1971); Stroman Realty, Inc., v. Martinez, 505 F.3d 657, 662 (7th Cir. 2007). For this reason, federal habeas corpus is not available "absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit

Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 1127 (1973). Exceptional circumstances do exist where a petitioner is seeking "to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial" and "he has exhausted all available state court remedies for consideration of that constitutional claim." Id. at 490. See also, Cole v. Beck, 765 Fed. Appx. 137, 138 (7th Cir. 2019) ("A well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance because immediate federal intervention is necessary to prevent the challenge from becoming moot.").

    Here, the majority of Payne's Petition focuses on alleged violations of Illinois statutory rights that are not cognizable in federal habeas review regardless of the Younger abstention doctrine. Payne alleges he has been denied his right to a preliminary hearing within thirty days of the date he was taken into custody on his criminal trespass to a motor vehicle case in Macon County Circuit Court, Case No. 2020-CM-142 . See 725 ILCS 5/109-3.1(a), Ill. Const. art. I, § 7 ("No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand

jury or the person has been given a prompt preliminary hearing to establish probable cause."). Payne also argues that he has been denied his Illinois state right to a trial within 160 days. See 725 ILCS 5/103-5 ("Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial" barring certain exceptions). However, the federal writ of habeas corpus is only available to Payne if he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Therefore, Payne's allegations of Illinois state law violations are not cognizable in federal habeas review. Payne's challenge to his bond forfeitures are also not cognizable in federal habeas review for the additional reason that they do not concern his custody. See 28 U.S.C. § 2241; Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."). Accordingly, these claims are summarily dismissed.

To the extent Payne's Petition also alleges his Sixth Amendment right to a speedy trial is being violated, this could present an "exceptional circumstance" wherein the Younger doctrine does not apply. However, Payne has not attempted to

exhaust his state court remedies regarding his constitutional claim. None of the dockets in his criminal case reference any motions related to Payne's speedy trial rights, and Payne's Petition only states that he filed motions to quash his subpoenas, nothing related to his speedy trial rights.

Moreover, the Court finds Payne cannot show that his right to a speedy trial has been violated. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972), set forth the standard governing Sixth Amendment speedy trial violations. Pursuant to <u>Barker</u>, the Court must consider "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as" a result of the delay. <u>Ashburn v. Korte</u>, 761 F.3d 741, 751–52 (7th Cir. 2014) (citations omitted).

The first <u>Barker</u> factor is the length of delay. This factor "acts as a triggering mechanism; unless a presumptively prejudicial

amount of time elapsed in the district court, it is unnecessary to conduct a searching analysis of all the factors." United States v. Oriedo, 498 F.3d 593, 597 (7th Cir. 2007).  The Seventh Circuit has generally found delays approaching one year to be presumptively prejudicial and trigger a more thorough analysis.  Id. (citing United States v. White, 443 F.3d 582, 589-90 (2006)).  Here, the original Macon County cases have not even been pending for eight months.  Accordingly, at this time, the delay has not reached the "bare minimum needed to trigger judicial examination of the claim." Doggett v. United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 2691 (1992).

With regard to the second Barker factor—the cause for the delay—this factor weighs heavily against finding any constitutional violation.  The delays are almost exclusively attributable to Payne, and, therefore, the delays act as a waiver of his speedy trial rights. Barker, 407 U.S. at 529 ("We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine.").  Here, Payne's cases have mostly been delayed due to his failure to appear in court or due to defense continuances.  While Payne states in his Petition that he "notified

his court appointed attorney every time he could not appear in Court," this certainly does not transfer responsibility for the delay to the state. Again, this factor does not favor finding a speedy trial violation.

The third <u>Barker</u> factor is whether Payne has asserted his right to a speedy trial. Payne does not allege that he has done so in his Petition, and the dockets in his criminal cases do not contain any references to alleged speedy trial violations. Accordingly, this factor does not help Payne either.

The final <u>Barker</u> factor assesses the prejudice to the defendant. Prejudice should be assessed in light of the interests the speedy trial right was designed to protect, specifically, "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and the concern of the accused; and (iii) to limit the possibility that the defense will be impaired." <u>Barker</u>, 407 U.S. at 532. Payne has only been detained for part of the eight-month period related to his Macon County charges—at this time it appears he was detained two and a half months prior to his May 12, 2020 release on bond and another half a month since he was picked up from Montgomery County. Moreover, Payne has made no claims that any defense

witnesses will become unavailable or that his defense is otherwise tangibly impaired.

As none of the four <u>Barker</u> factors lean in his favor, the Court finds that Payne's claim that his Sixth Amendment right to a speedy trial has been violated does not have merit.  Accordingly, this claim is summarily dismissed as well.

### III.   CONCLUSION

For the reasons stated above, Petitioner Michael P. Payne's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. [1]) is SUMMARILY DISMISSED.  This case is CLOSED.

**ENTER: October 20, 2020**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**